UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELKA GASTON WILLIAMS,

    Plaintiff,

v.

HURON TOWNSHIP, and ADAM
SHEEHAN,

    Defendants.
_____/

Case No. 2:23-cv-12376

Honorable Susan K. DeClercq
United States District Judge

## ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL AND DIRECTING DEFENDANTS TO PRODUCE RECORDS

Three days before the close of fact discovery, Plaintiff Elka Gaston Williams filed a motion to compel Defendants to produce records which Defendants assert they are not required to produce. But, as explained below, the records Plaintiff seeks are relevant and not subject to any broad protective privilege, so Plaintiff's Motion will be granted, and Defendants will be directed to produce the records to Plaintiff after redacting certain protected personal information.

### I. BACKGROUND

In this § 1983 case, Plaintiff Elka Gaston Williams alleges that Defendant Adam Sheehan, a Huron Township Police Officer, violated her constitutional rights when he arrested her during a November 2021 traffic stop. ECF No. 16. According to Plaintiff, Defendant Sheehan stopped her for speeding, and she did not "exhibit

behaviors reasonably suggesting that she was intoxicated or unable to safely operate motor vehicle." *Id.* at PageID.69. Defendant Sheehan, on the other hand, asserts Plaintiff's speech was "slow and slurred and her eyes [were] watery." ECF No. 32 at PageID.209. After initiating the traffic stop, Defendant Sheehan administered several field sobriety tests to Plaintiff. ECF No. 16 at PageID.70. Although the Parties dispute how well Plaintiff performed some of the preliminary field sobriety tests, *compare* ECF No. 16 at PageID.70 ("Plaintiff performed the sobriety tests such that it was obvious that she was not intoxicated or otherwise in a state where she was not able to safely operate a motor vehicle.") *with* ECF No. 32 at PageID.202 ("Plaintiff struggled with field sobriety tests"), the breath test Defendant Sheehan administered came back negative. ECF No. 16 at PageID.70. Nevertheless, Defendant Sheehan arrested Plaintiff for suspicion of operating a vehicle while under the influence of drugs. *Id.*

Two years later, Plaintiff sued Defendant Sheehan and Huron Township, alleging the November 2021 incident was a false arrest in violation of her Fourth Amendment right to be free from unreasonable searches and seizures. *Id.* at PageID.70–75.

During the early stages of discovery, Plaintiff requested Defendant Sheehan's "complete personnel file." ECF No. 31-6 at PageID.179. Defendants objected to this request and did not produce the file, arguing it sought irrelevant information that was

not proportional to the needs of the case. *Id.*; *see also* FED. R. CIV. P. 26(b)(1). Then, in September 2024, Plaintiff served Defendants with a request for production of Defendant Sheehan's performance evaluations from November 2018 through June 2022. ECF Nos. 31 at PageID.138–39; 31-3 at PageID.165. Like the request for Defendant Sheehan's personnel file, Defendants objected to Plaintiff's second request, again asserting it sought irrelevant information that was not proportional to the needs of the case. ECF No. 31-5 at PageID.172.

So, on October 29, 2024, Plaintiff filed a motion to compel Defendants to produce (1) Defendant Sheehan's complete personnel file; and (2) Defendant Sheehan's performance evaluations from November 2018 through June 2022. ECF No. 31. Defendants respond that the information Plaintiff seeks is irrelevant and protected privilege. ECF No. 32 at PageID.214.

## II. STANDARD

Civil Rule 26 permits a party to:

> obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

FED. R. CIV. P. 26(b)(1). The scope of discovery, however, may be "limited by court order," *id.*, and "it is well established that the scope of discovery is within the sound

discretion of the trial court." *Coleman v. Am. Red Cross*, 23 F.3d 1091, 1096 (6th Cir. 1994) (quoting *United States v. Guy*, 978 F.2d 934, 938 (6th Cir. 1992)).

A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. FED. R. CIV. P. 37.

### III. ANALYSIS

As a threshold mater, the information Plaintiff seeks is relevant to Plaintiff's *Monell* claim. Defendant Sheehan's personnel file—which presumably would include any past civilian complaints about allegedly improper arrests—and his performance evaluations are relevant and necessary to Plaintiff's burden of establishing that Huron Township had either a policy of inadequate training or supervision or a custom of tolerance or acquiescence of federal rights violations. *See Ivanovski v. City of Dearborn Heights*, No. 07-CV-10731, 2007 WL 2952096, at *2 (E.D. Mich. Oct. 9, 2007); *see also Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005) (outlining "the four avenues a plaintiff may take to prove the existence of a [defendant's] illegal policy or custom" to establish *Monell* liability).

Defendants next argue that disclosing the information Plaintiff seeks is "constitutionally prohibited," relying on *Kallstrom v. City of Columbus*, 136 F.3d 1055 (6th Cir. 1998). ECF No. 32 at PageID.215. In *Kallstrom*, the Sixth Circuit held that police officers have a constitutionally protected privacy interest in certain personal information contained in their employment file, such as an officer's

"address[], phone numbers, and driver's licenses," as well as such information about their family. 136 F.3d at 1067. But *Kallstrom* does not mean that just because an employment file contains *some* constitutionally protected personal information about an officer, the *entire* file is constitutionally protected. Indeed, such protected personal information may be redacted, and the remaining contents of the file may be produced. *See Sanford v. City of Detroit*, 355 F.Supp. 3d 619, 622 (E.D. Mich. 2019) (authorizing production of employment files under *Kallstrom*, subject to protective order which redacted personal information about officers and their families).

Next, Defendants argue that what Plaintiff seeks is entitled to privilege because it is deliberative process, or self-evaluative material. But no such privilege applies here. Importantly, "[t]he deliberative process privilege is quite limited. Its purpose is to promote 'the quality of agency decisions' by allowing government officials freedom to debate alternative approaches in private." *Wynes v. City of Royal Oak*, No. 2:16-cv-12656, 2017 WL 2222551, at *3 (quoting *In re Sealed* Case, 121 F.3d 729, 737 (D.C. Cir. 1997)). Thus, factual material, including reports and summaries, is not protected by such privilege. *Cain v. City of Detroit*, No. 20-cv-11099, 2022 WL 3337135, at *4 (E.D. Mich. Apr. 22, 2022) (quoting *Hoxie v. Livingston Cnty.*, No. 09-cv-10725, 2009 WL 5171845, at *4 (E.D. Mich. Dec. 22, 2009)).

In sum, Defendant Sheehan's personnel file and his performance evaluations from November 2018 through June 2022 are relevant and not broadly subject to any protective privilege. Accordingly, Plaintiff's Motion to Compel will be granted, and Defendants will be directed to produce (1) Defendant Sheehan's personnel file; and (2) Defendant Sheehan's performance evaluations from November 2018 through June 2022. Importantly, though, Defendants will also be directed to redact any personal information about Defendant Sheehan, his family, or other officers and their family, including addresses, phone numbers, driver's licenses, social security numbers, bank account information, and medical information protected under HIPPA.[1]

## IV. CONCLUSION

Accordingly, it is **ORDERED** that Plaintiff's Motion to Compel, ECF No. 31, is **GRANTED**.

Further, it is **ORDERED** that Defendants are **DIRECTED** to produce **on or before December 10, 2024**: (1) Defendant Sheehan's personnel file; and (2) Defendant Sheehan's performance evaluations from November 2018 through June 2022. Defendants are further **DIRECTED** to **REDACT** from these documents any personal information about Defendant Sheehan, his family, or other officers and their

---

[1] If the Parties wish to outline more detailed protective conditions, they may prepare a stipulated protective order for consideration.

family, including addresses, phone numbers, driver's licenses, social security numbers, bank account information, and medical information protected under HIPPA.

**This is not a final order and does not close the above-captioned case**.

<u>/s/Susan K. DeClercq</u><br>
SUSAN K. DeCLERCQ<br>
United States District Judge

Dated: 11/22/2024